**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6825**

DAVID HENRY ROGERS,

                Petitioner - Appellant,

        v.

REUBEN F. YOUNG,

                Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cv-00842-CCE-LPA)

Submitted: September 25, 2014      Decided: September 30, 2014

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

David Henry Rogers, Appellant Pro Se. Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Henry Rogers appeals the district court's orders denying his 28 U.S.C. § 2254 (2012) petition and denying his motion for reconsideration. We dismiss the appeal.

First, Rogers did not timely appeal the district court's order denying his § 2254 petition. Absent circumstances warranting tolling, parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Rogers' § 2254 petition was entered on the docket on December 13, 2013. Rogers did not timely file his motion for reconsideration, nor did he obtain an extension or reopening of the appeal period. Accordingly, Rogers' notice of appeal, filed approximately five months after the denial of his § 2254 petition, was untimely.[*]

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal, May 12, 2014, is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Accordingly, we dismiss Rogers' appeal of the denial of his § 2254 petition for lack of jurisdiction.

Moreover, to the extent Rogers appeals the denial of his motion for reconsideration, he fails to show his entitlement to a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Rogers has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the remainder of the appeal. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED